IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01891-EWN-MEH

KIRK WARREN and KURT WARREN,

    Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

    Defendant.

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, Plaintiffs Kirk Warren and Kurt Warren, and Defendant Liberty Mutual Fire Insurance Company, stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Confidentiality Agreement and Order (the "Confidentiality Order" or "Confidentiality Stipulation") with respect to disclosure of information, documents, or things in this litigation:

**I.  Confidential Information.**

    (a)    As used in this Confidentiality Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean information, document, or thing, that a party (the "Designating

Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (d) below.

(b) A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Confidentiality Order.

(c) In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

(d) To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period. The portions so designated shall not be utilized or disclosed by the

other party, its agents, or its employees, except in accordance with the terms of the Confidentiality Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

(e) Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or material:

(i) does not constitute a trade secret or other confidential research, development, or commercial information, as defined by Fed. R. Civ. P. 26(c)(7);

(ii) is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party and was not acquired from the Designating Party; or

(iii) has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

(f) Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as

CONFIDENTIAL INFORMATION pursuant to the terms of this Confidentiality Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(g) CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

(i) the attorneys for the Recipient Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

(ii) officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii) court reporters, court officials, and the jury involved in this litigation;

(iv) experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement in conformity with this Stipulated Confidentiality Agreement and Order; and

(v) any other non-party witnesses or deponents who have executed a Confidentiality Agreement in, conformity with this Stipulated Confidentiality Agreement and Order, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose.  Nothing in this Confidentiality Order shall prevent the Designating Party

from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's outside counsel. Each party's outside counsel shall maintain a log of all copies of CONFIDENTIAL INFORMATION in document form which are delivered to any one or more Qualified Person(s), other than outside counsel and the clerical, secretarial and other staff employed or retained by such counsel. The log shall contain the name and address of the person to whom CONFIDENTIAL INFORMATION was disclosed, and shall identify under what provision of this Confidentiality Order the person is a Qualified Person. The log shall not be discoverable in this case or other litigation. A Party may seek discovery of another Party's log only if there are allegations of breach of this agreement. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe are carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Confidentiality Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

  (h)  CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit.  All such copies or reproductions shall be subject to the terms of this Confidentiality Order.

  (i)  If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(g) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in conformity with this Stipulated Confidentiality Agreement and Order, unless the Court rules otherwise.

**II.**  **No Waiver.**

  The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set froth in this Confidentiality Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

**III.**  **Use in Depositions.**

  Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of this Confidentiality Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a Confidentiality Agreement in conformity with this Stipulated Confidentiality Agreement and Order.  If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

**IV.     Use in Briefs and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with D.C.COLO.LCivR 7.3, in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal," subject to Court procedures.

**V.     Application of the Confidentiality Order.**

(a)     This Confidentiality Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION, or any other material designated CONFIDENTIAL, including memoranda or work product prepared by counsel, their staff, or authorized outside consultant or experts.

(b)     Nothing in this Confidentiality Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Confidentiality Agreement is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

## VI.     Confidentiality Challenge.

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and shall set forth a specific and good faith basis for the objection.  If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Confidentiality Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Confidentiality Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

## VII.    Confidential Information at Trial.

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Confidentiality Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Confidentiality

-8-

Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation, objections concerning admissibility, materiality, and privilege.  The parties to this Confidentiality Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

**VIII.    Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Confidentiality Order regarding other uses of that CONFIDENTIAL INFORMATION.

**IX.    Modification.**

This Stipulated Confidentiality Agreement and Order may be modified only by Order of the Court.

**X.    Non-Parties.**

A non-party who produces any information, documents or things in this litigation that it wishes to be treated as CONFIDENTIAL may become a party to the Confidentiality Order, by signing the Agreement attached hereto as Exhibit A, and giving prompt notice to all other parties in this case, but doing so shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party.  A non-party may also designate as

CONFIDENTIAL any information, documents, or things produced by that third party in this litigation pursuant to the terms of this Confidentiality Order.

**XI.     Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during the case, and all copies of such CONFIDENTIAL INFORMATION.

Dated at Denver, Colorado this 26th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

AGREED:

s/ Julie Cliff
Robert B. Carey, Esq.
L. Dan Rector, Esq.
Julie Cliff, Esq.
The Carey Law Firm
2301 East Pikes Peak
Colorado Springs, CO  80909
(719) 635-0377
Fax: (719) 635-2920
E-mail: jcliff@careylaw.com

*Attorneys for Plaintiffs*

s/ Stephen E. Csajaghy
Brian J. Spano, Esq.
Stephen E. Csajaghy, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
(303) 623-9000
Fax: (303) 623-9222
E-mail: scsajaghy@rothgerber.com

*Attorneys for Defendant Liberty Mutual Fire Insurance Company Kirk Warren and Kurt Warren*

# EXHIBIT A

### **AGREEMENT**

    I, _____, hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Order in the action Kirk Warren and Kurt Warren v. Liberty Mut. Fire Ins. Co., Case No. 05-cv-01891-EWN-MES, in the United States District Court for the District of Colorado (the "Protective Order"), that I have read the Protective Order, and that I agree to be bound by its terms. I further submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of this agreement.

_____
[PRINTED NAME]

_____
[SIGNATURE]

_____
[DATE]