IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01891-EWN-MEH

KIRK WARREN and KURT WARREN,

     Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts insurance company,

     Defendant.

---

## ORDER ON PLAINTIFF'S MOTION TO TAKE DEPOSITION OUT OF TIME

---

Plaintiff has filed a Motion for Leave to Take Deposition of Douglas J. Maxey out of Time [Docket #32]. The matter is briefed and has been referred to this Court [Docket #33]. The matter being fully briefed is now ripe for decision. For the reasons stated below, the Court **grants** the Motion.

**I.      Facts**

This lawsuit arises out of a car accident in which Plaintiffs suffered injuries. Defendant denied additional levels of coverage based on the insurance policy purchased by Plaintiff Kurt Warren. Plaintiffs claim that they are entitled to additional coverage because the additional levels of coverage were not offered to Kurt Warren by the insurance agent, as required by Colorado law, when Kurt Warren purchased the policy.

Plaintiffs seek in the instant motion to take the deposition of Douglas J. Maxey, the agent who sold the policy to Kurt Warren, after the close of discovery. Defendant objects to this deposition, because it claims that Plaintiffs knew of the need to depose Mr. Maxey and failed to timely do so; Plaintiffs waited until the last minute to seek this deposition; and Defendant will be prejudiced by

additional discovery because it has already filed a Motion for Summary Judgment.  In response,

Plaintiffs argue that Defendant initially claimed that it could schedule Mr. Maxey's deposition and

waited until late in discovery to inform Plaintiffs that Defendant had no knowledge of Mr. Maxey's

whereabouts.  Plaintiffs further assert that they only recently located Mr. Maxey, with the help of a

private investigator.

## II.    Discussion

Allowing this deposition after the close of discovery requires the Court to modify the

Scheduling Order.  A party must show good cause to modify the Scheduling Order.  Fed. R. .Civ. P.

16(b); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).   A showing of good cause

requires the party requesting the modification to set for the reasons why the original deadline could

not be met.  *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 624, 629 (D. Kan. 2001).   If the

extension is sought after the applicable deadline, the party must also establish excusable neglect.  Fed.

R. Civ. P. 6(b).  Neglect is commonly defined as giving "little attention or respect to a matter, or .

. . to leave undone or unattended to especially through carelessness." *Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (citations and internal quotation marks

omitted).  Of primary consideration in this case is whether Plaintiffs are at fault for failing to timely

depose Mr. Maxey.

### A.    Good Cause

Plaintiffs acknowledge that they knew of and intended to depose Mr. Maxey since they

learned his identity from the initial disclosures provided on January 10, 2006.  Defendant's counsel,

however, initially intended to control the scheduling of his deposition and informed Plaintiffs' counsel

by letter dated March 6, 2006, that "we are also continuing to schedule Mr. Maxey's deposition and

2

will continue to keep you informed of when he will be available." Dock. #32, Exh A. Plaintiffs'

proffered reason for not timely taking this deposition is that they relied on the representations of

Defendant's counsel until late in discovery. Only after learning that Defendant did not know Mr.

Maxey's whereabouts did Plaintiffs attempt to locate Mr. Maxey, with the help of a private

investigator.

Unfortunately, neither party indicates when Plaintiffs were made aware of the fact that

Defendant no longer knew the whereabouts of Mr. Maxey, and Plaintiffs do not indicate when they

retained the private investigator to locate Mr. Maxey. The next correspondence provided to the

Court is the report Plaintiffs received from the private investigator on July 6, 2006. Based on the

record presented, the Court believes that good cause exists to allow this deposition out of time.

Nothing in the record indicates that Plaintiffs were dilatory in attempting to locate Mr. Maxey, and

once Mr. Maxey was located, Plaintiffs filed the instant motion.

### B.      Excusable Neglect

Plaintiffs did not file the instant motion until July 10, 2006, three days after the discovery

deadline. Although Plaintiffs did not receive the report from the private investigator until July 6,

2006, Plaintiffs obviously knew prior to the deadline that they would not be able to depose Mr.

Maxey in time because he had not yet been located. Nonetheless, Plaintiffs did contact Defendant's

counsel on July 7, 2006, to seek his consent to this extension. The Court does not find Plaintiffs

actions in this matter to be the result of carelessness, and thus, concludes that Plaintiffs neglect is

excusable, although Plaintiffs' counsel is strongly cautioned that any request for relief from a deadline

should be presented to the Court prior to the expiration of the deadline.

### C.        Prejudice to Defendant

Defendant asserts that it will be prejudiced if Plaintiffs depose Mr. Maxey at this time, because Defendant has already filed its Motion for Summary Judgement.  The Court notes, however, that Defendant has also known since the outset of the case that Plaintiffs would depose Mr. Maxey as scheduled by Defendant or once he was located.  Whether a deposition taken after the Motion has been filed should be considered in the Court's ruling on Defendant's Motion for Summary Judgment is a decision that should be left to the District Judge in this case.  Thus, at this time, the Court will leave the potential remedies of any prejudice to Defendant to the District Court.  If necessary, the parties may determine whether seeking leave for an amended motion for summary judgment, or for supplemental briefing, is appropriate.

## III.        Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion for Leave to take Deposition of Douglas J. Maxey out of Time [Filed July 10, 2006; Docket #32] is **granted**.  Plaintiffs shall have until September 15, 2006, to depose Mr. Maxey.

Dated at Denver, Colorado, this 8th day of August, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

4