IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–01891–EWN–MEH

KIRK WARREN and
KURT WARREN,

    Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts insurance company,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This is an insurance case. Plaintiffs Kirk and Kurt Warren alleged that by failing to disclose, offer, and provide certain personal injury protection ("PIP") coverage to Deborah Bannister and Kurt Warren (the "Insureds"), Defendant Liberty Mutual Fire Insurance Company: (1) violated specific sections of the Colorado Auto Accident Reparations Act ("CAARA"), namely Colorado Revised Statutes sections 10–4–710(2)(a), 10–4–706(4)(a), and 10–4–111; (2) breached its insurance contract with Insureds and did so in statutory and common law bad faith; and (3) breached the implied covenant of good faith and fair dealing. This matter comes before the court on: "Plaintiff's Motion for Reconsideration of Court's Order and Memorandum of

Decision," filed March 1, 2007.  Jurisdiction is based upon diversity of citizenship, pursuant to 28 U.S.C.S. § 1332 (LexisNexis 2007).

## FACTUAL BACKGROUND

The facts and procedural history of this case are set forth in this court's February 15, 2007, order.  (Order and Mem. of Decision [filed Feb. 15, 2007] [hereinafter "Order"].)  Familiarity therewith is assumed.  Briefly, this dispute revolves around a 2002 accident in which Plaintiff Kurt Warren was driving and his twin brother Plaintiff Kirk Warren was riding as a passenger.  (*Id.* at 6.)  Plaintiff Kirk Warren was seriously injured in the accident.  (*Id.*)  At the time of the accident, Plaintiff Kurt Warren and the car he was driving were insured under a policy purchased from Defendant by Ms. Bannister on behalf of herself and her husband, Plaintiff Kurt Warren.  (*Id.*)  In the Order, I found, *inter alia*, that Defendant's offer of extended insurance benefits ("APIP" benefits) to Ms. Bannister at the point of sale was non-compliant with CAARA, because it failed to extend coverage to pedestrians and guest occupants.  (*Id.* at 13–15.)  Nonetheless, I declined to reform the policy to conform with the statutory minimum, because: (1) reformation is only appropriate when the contract at issue does not represent the true agreement of the parties; (2) Defendant's APIP offer *did* extend coverage to "any family member," which necessarily included Plaintiff Kirk Warren; and (3) Ms. Bannister declined this additional coverage, clearly evincing her intent to decline the coverage for herself, her husband, and other family members, including Plaintiff Kirk Warren.  (*Id.* at 17–19.)

On March 1, 2007, Plaintiffs filed a motion asking this court to reconsider its Order, because Plaintiff Kirk Warren is not a "resident relative" of the Insureds.  (Pls.' Mot. for

Reconsideration of Court's Order and Mem. of Decision [filed Mar. 1, 2007] [hereinafter "Pls.' Br."].)  On March 21, 2007, Defendant responded to the motion.  (Def.'s Resp. in Opp'n to Pls.' Mot. for Reconsideration of [the Order] [filed Mar. 21, 2007] [hereinafter "Def's. Resp."].)  On April 16, 2007, Plaintiffs replied in support of their motion.  (Pls.' Reply to Def.'s Resp. in Opp'n to Pls.' Mot. for Reconsideration of [the Order] [filed Apr. 16, 2007] [hereinafter "Pls.' Reply"].)  This matter is fully briefed.

## ANALYSIS

### 1. *Standard of Review*

"'Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are accepted as the offspring of [Rule] 59(e), which provides that a motion to alter or amend judgment may be entered within ten days after the entry of the judgment.'"  *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (quoting *Equal Employment Comm'n v. Foothills Title Guar. Co.*, No. 90–A–361, 1991 U.S. Dist. LEXIS 21613, at *9 [D. Colo. Apr. 12, 1991], *aff'd*, 956 F.2d 277 [10th Cir. 1992]).  Consideration of Plaintiffs' motion under Rule 59(e) would be improper, because it was filed prior to entry of final judgment.  (*See* Final J. [filed Mar. 2, 2007].)

A motion to reconsider may also be appropriate under Rule 60(b), which states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has

>been satisfied, released, or discharged . . .; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (2007).

As the Federal Rules suggest, a motion to reconsider is granted only under limited circumstances. The Tenth Circuit has explained: "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 [10th Cir. 1995]). Here, Plaintiffs urge reconsideration on only one basis: mistake of fact by the court.

Finally, I note that a motion to reconsider does not offer a party the opportunity to re-litigate its case after the court has rendered a decision. *See id.* ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *All W. Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court.").

## *2.  Evaluation of Plaintiffs' Claims*

The gravamen of Plaintiffs' motion is that this court committed a substantive mistake of fact when it determined that Kirk Warren was a "family member" covered by Defendant's offer of APIP benefits, rather than a "guest occupant." (Pls.' Br.) In support, Plaintiff points to the state

law at issue in this case, Colorado's No Fault Insurance Act ("CAARA").[1]  CAARA governed the legal rights of automobile accident victims and their insurers in Colorado and required that motor vehicle owners maintain minimum insurance coverage on their vehicles, including no-fault PIP coverage.  *See* Colo. Rev. Stat. § 10–04–705; *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 552 (Colo. Ct. App. 1998).  In relevant part, CAARA required that insurers offer APIP coverage in exchange for higher premiums.  *See* Colo. Rev. Stat. § 10–04–710(1); *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1238 (10th Cir. 2003).  This offer had to extend coverage to named insureds, resident relatives of named insureds, guest occupants, and pedestrians.  *See Clark*, 319 F.3d at 1238; *Brennan*, 961 P.2d at 553–55; *see also* Colo. Rev. Stat. § 10–4–707(1).  Plaintiffs argument is simple: "[s]ince [Plaintiff] Kirk Warren was not a resident of [Plaintiff] Kurt Warren's household he does not fall within the category of 'resident relative,'" and, therefore, was a "guest occupant" in Plaintiff Kurt Warren's vehicle at the time of the accident.  (Pls.' Br. at 3.)  Plaintiffs argue the court should interpret Defendant's use of the term "any family member" in its offer of APIP benefits to mean "resident relative" as defined in CAARA.  (*Id.* at 3–4.)  Further, Plaintiffs contend that Ms. Bannister's intent in entering the insurance contract was irrelevant, because its offer of APIP benefits was deficient as a matter of law.  (*Id.*)

---

[1] CAARA, as originally enacted, comprised Colorado Revised Statutes sections 10–4–701 to 10–4–726, but was repealed by Laws 1997, H.B. 97–1209, § 8, effective July 1, 2003.  *See* Colo. Rev. Stat. § 10–4–726 (effective July 1, 2003).  Because CAARA has been repealed, I cite to the 2002 version of Colorado Revised Statutes, except where otherwise noted.

It is undisputed that Plaintiff Kirk Warren was not a "resident relative" of the Insureds. (*See* Pls.' Br.; Def.'s Resp.; Pls.' Reply.)  However, my finding in the Order was that Plaintiff Kirk Warren was a "family member," not a "resident relative."  (*See* Order at 18–19.)  I see no reason to graft CAARA's statutory "resident relative" definition onto Defendant's offer of APIP benefits to cover "any family member."  Indeed, it strains credulity to believe, as Plaintiffs would argue, that Defendant simultaneously ignored the strictures of CAARA regarding required coverage while at he same time implicitly adopting its definitional language.

Importantly, Plaintiffs do not argue that Plaintiff Kirk Warren was not a potentially covered "family member" within the common meaning of those words.  (*See* Pls.' Br.; Pls.' Reply.)  They also do not argue that Ms. Bannister did not intend to decline APIP coverage for family members, including coverage for Plaintiff Kirk Warren.  (*See* Pls.' Br. at 3–4.)  Instead, Plaintiffs urge that Ms. Bannister's intent in declining coverage was irrelevant, because the APIP offer was deficient as a matter of law.  (*Id.*)  This argument makes the court wonder if Plaintiffs bothered to read my Order, which noted that in spite of the legal deficiency of Defendant's offer, reformation was unwarranted because such an equitable remedy "is appropriate only *when the instrument does not represent the true agreement* of the parties.'"  (Order at 17 [quoting *Carder, Inc. v. Cashi*, 97 P.3d 174, 180–81 (Colo. Ap. 2003) (emphasis added)].)  I explained:

> Here, Plaintiffs seek reformation of the Policy based on Defendant's offer of [APIP] benefits that *did not* exclude Plaintiffs from coverage.  Plaintiffs are neither pedestrians nor guest occupants; instead, they are a named insured and a family member, both of whom were explicitly covered in Defendant's offer of APIP benefits.  Accordingly, "the APIP [benefits] offered to [Ms. Bannister], while defective with respect to pedestrians and non-family member occupants, would have covered [Plaintiffs]."  *May v. Travelers Prop. Cas. Co. of Am.*, No.

6

> 05–cv–00214–WYD–CBS, 2006 U.S. Dist. LEXIS 69340, at *8 (D. Colo. Sept. 26, 2006). By refusing Defendant's offer of APIP benefits, Ms. Bannister's "expressed intention was to decline Defendant's offer of [A]PIP benefits" to cover herself, her husband, and their family members. *Morris v. Travelers Indem. Co. of Am.*, No. 05–cv–00727–EWN–BNB, 2006 U.S. Dist. Lexis 46568, at *32–33 (D. Colo. July 7, 2006). Thus, "[w]ere this court to reform the [Policy] to reflect the higher amount of PIP benefits, this would not reflect the intent of the parties." *Id.*; *see also Sigala v. Hartford Underwriters Ins. Co.*, No. 04–RB–0196, 2005 U.S. Dist. LEXIS 34439, at *17 (D. Colo. Aug. 29, 2005) (refusing reformation because "[t]he fact that [the] policy did not accurately describe APIP coverage did not mislead [the plaintiff] about the options available to her, and did not cause her to make a coverage selection based on inaccurate information").[2]

(*Id.* at 18–19 [further citations omitted].) Thus, the Order makes plain that Ms. Bannister's *intent* in declining APIP benefits for "any family member" is highly relevant to whether reformation is appropriate in this case, regardless of the deficiency of Defendant's APIP offer. (*See id.*) Plaintiffs simply have not argued, nor presented evidence supporting a finding, that when Ms. Bannister declined APIP benefits for "any family member," she reasonably believed she was declining benefits only for "resident relatives." (*See* Pls.' Br.; Pls.' Reply.) Accordingly, I hold this court made no mistake of fact when it found Ms. Bannister declined APIP benefits that would have covered Plaintiff Kirk Warren. (*See* Order at 18–19.)

### 3. *Conclusions*

Based on the foregoing it is therefore ORDERED that the PLAINTIFFS' motion for reconsideration (# 71) is DENIED.

---

[2] In a recent case with analogous facts and the same Defendant, Judge Lewis T. Babcock expressly adopted my reasoning here. *See Weber v. Liberty Mut. Fire Ins. Co.*, No. 06–cv–00104–PSF–MEH, 2007 U.S. Dist. LEXIS 27248, at *12–14 (D. Colo. Apr. 12, 2007).

Dated this 8th day of November, 2007.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge