IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 05-cv-01891-PAB-MEH

KAREN WARREN,
Personal Representative of the Estate of Kirk Warren,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts insurance company,

    Defendant.
_____

**ORDER DENYING MOTIONS TO CERTIFY**
_____

This matter is before the Court on both parties' motions to certify questions to the Colorado Supreme Court [Docket Nos. 154, 218]. The motions are fully briefed and ripe for disposition. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction.

**I. BACKGROUND**

The factual and procedural background of this case has been detailed in two of the Court's previous orders, *see* Docket Nos. 124, 217; thus, the Court will only summarize the procedural background as it is relevant to the instant motions. This case is before the Court on remand from the Tenth Circuit, which ordered reformation of the insurance policy at issue. *See Warren v. Liberty Mut. Fire Ins. Co.*, 555 F.3d 1141, 1146 (10th Cir. 2009). After the Tenth Circuit opinion was issued, Kirk Warren, the remaining plaintiff, passed away. The Court issued an order determining which

claims survived Mr. Warren's death and which claims survived defendant's motion for summary judgment.  *See* Docket No. 217 ("survival order").  Before the survival order, defendant moved to stay the case and certify questions to the Colorado Supreme Court.  *See* Docket No. 154.  After the survival order, the plaintiff also moved to certify a question to the Colorado Supreme Court.

## II.  STANDARD OF REVIEW

Rule 21.1 of Colorado's Rules of Appellate Procedure permits the Colorado Supreme Court to answer a question of law certified to it by a United States district court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Colorado] Supreme Court."  Colo. App. R. 21.1(a).  The decision to certify a question is discretionary.  *See Massengale v. Okla. Bd. of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994).  Certification may be appropriate "where the legal question at issue is novel and the applicable state law is unsettled."  *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990).

## III.  DEFENDANT'S MOTION TO CERTIFY

Defendant's motion seeks to stay the case and certify two separate questions to the Colorado Supreme Court.

### A.  First Question

Defendant seeks certification of the following question:

Does an offer of added personal injury protection ("APIP") benefits that does not enumerate some of the four categories of eligible insureds, but not [sic] does expressly exclude them either, constitute an implied exclusion of the unnamed categories of insureds, thus rendering the offer

      of APIP benefits inadequate under former Colo. Rev. Stat. § 10-4-710 (2002)?

Docket No. 154 at 1. Defendant argues that in 2009, the Colorado Court of Appeals addressed this question under factual circumstances very similar to the instant case in *Hudgins v. Financial Indem. Co.*, No. 07 CA 2173, 2009 WL 2622370, slip op. (Colo. App. Aug. 27, 2009) (full opinion at Docket No. 154-3), holding that the insurer's offer of APIP coverage was adequate. Plaintiff responds that *Hudgins* is unpublished and thus nonprecedential, the issue of the adequacy of the APIP offer in this case has already been resolved by the Tenth Circuit, and that the facts in *Hudgins* are distinguishable.

      Defendant essentially asks the Court to certify a question which the Tenth Circuit has already answered. The Tenth Circuit's remand order specifically stated that it agreed with the Court's earlier order finding that, "although it may be true that an insurer's silence in referencing the persons covered by APIP does not permit an inference of exclusion, it is certainly true that when an insurer lists some persons covered by APIP coverage, those not included on the list are considered excluded." *Warren v. Liberty Mut. Fire Ins. Co.*, 555 F.3d 1141, 1146 (10th Cir. 2009) (quoting *Warren v. Liberty Mut. Fire Ins. Co.*, 505 F. Supp. 2d 770, 779 (D. Colo. 2007)). This holding directly answers the question defendant seeks to certify.

      "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by [] the trial court on remand." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) (quoting *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995)). The Tenth Circuit has carved out a handful of "exceptionally narrow" exceptions to the law of the

case doctrine.  *Id.* at 1035 (quoting *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998)).  The only exception potentially applicable here allows deviation from the law of the case "when controlling authority has subsequently made a contrary decision of the law applicable to such issues."  *Id.*  But no controlling authority has subsequently made a contrary decision here.  *Hudgins* is not controlling, as it is both unpublished and from an intermediate state court.  *See Sellers v. Allstate Ins. Co.*, 82 F.3d 350, 352 (10th Cir. 1996) (decisions of intermediate state courts are only persuasive).  Nor is *Jewett v. Am. Std. Ins. Co.*, 178 P.3d 1235, 1238 (Colo. App. 2007), as it is also a Colorado court of appeals opinion and it was decided before the Tenth Circuit's opinion in this case.  Therefore, in the absence of subsequent controlling authority compelling it to hold otherwise, the Court finds that the issue raised by defendant's first proposed question has already been determined by the Tenth Circuit and need not be revisited by certification of a question to the Colorado Supreme Court.

      **B.  Second Question**

Defendant also seeks certification of the following question: "Do the special penalties in former Colo. Rev. Stat. § 10-4-708 (2002) apply to a claim for APIP benefits?"  Docket No. 154 at 1.  In its motion, defendant argues that it is an open question whether the special statutory penalties set forth in Colo. Rev. Stat. § 10-4-708 apply to a claim for APIP benefits and that the Colorado Supreme Court should resolve the issue.  After defendant filed its motion to certify, the Court issued an order holding that plaintiff's claims for statutory penalties pursuant to Colo. Rev. Stat. § 10-4-708 did not survive Kirk Warren's death.  *See* Docket No. 217.  Accordingly, there is no need to

certify a question to the Colorado Supreme Court on this issue and the Court will deny defendant's motion to certify.

## IV. PLAINTIFF'S MOTION TO CERTIFY

Plaintiff seeks to certify the following question to the Colorado Supreme Court: "Whether a claim for statutory penalties and exemplary damages is extinguished when the Plaintiff dies, where the survival statute, Colorado Revised Statute § 13-20-101(1), states that such damages 'shall not be awarded after the death of the person <u>against whom</u> such punitive damages or penalties are claimed?' (emphasis added)." Docket No. 218 at 1-2. Plaintiff seeks certification of this question despite the Court's earlier holding that there is Colorado Supreme Court authority directly on point. *See* Docket No. 217 at 18. Plaintiff argues that the two Colorado Supreme Court cases cited by the Court, *Kruse v. McKenna*, 178 P.3d 1198 (Colo. 2008), and *People v. Adams*, 243 P.3d 256 (Colo. 2010), did not rule on survivability. But this argument misses the fact that both cases interpreted the survivability statute at issue here. This interpretation was not dicta; it was central to the holdings in those cases. Rule 21.1 of Colorado's Rules of Appellate Procedure only allows certification of a question where "there is no controlling precedent in the decisions of the [Colorado] Supreme Court." Colo. App. R. 21.1(a). There is controlling precedent here. Therefore, the Court will deny plaintiff's motion to certify.

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Certify Questions of State Law to the

Colorado Supreme Court, and For Stay of Action [Docket No. 154] is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion to Certify Question of State Law [Docket No. 218] is **DENIED**.

DATED June 29, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge