IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 05-cv-01891-PAB-MEH

KAREN WARREN,
Personal Representative of the Estate of Kirk Warren,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts insurance company,

    Defendant.
_____

**ORDER DENYING MOTION TO CERTIFY ORDERS AS FINAL**
_____

    This matter is before the Court on the parties' Joint Motion to Certify Orders as Final Pursuant to Federal Rule of Civil Procedure 54(b) and to Stay Proceedings [Docket No. 250]. The parties request that the Court certify as final its orders of February 19, 2010 [Docket No. 124], setting the date of reformation of the insurance contract at issue and addressing the aggregate cap on the policy (the "reformation order"), and March 24, 2011 [Docket No. 217], determining which of plaintiff's claims survived Kirk Warren's death (the "substitution order"). In conjunction with this request, the parties ask the Court "to stay the remainder of the case pending resolution on appeal." Docket No. 250 at 1. The effect of a stay would, among other things, cause the Court to vacate the August 29, 2011 trial.

    Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of final judgment as to one or more, but fewer than all, claims" where "the court expressly

determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  In order to direct entry of judgment under Rule 54(b), a court must find that three prerequisites are met: "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).  In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  Ultimately, the granting of a Rule 54(b) motion is left to the sound discretion of the trial court, which "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The parties' request to certify the reformation order as final is essentially a request for reconsideration of the Court's earlier order denying defendant's motion [Docket No. 129] seeking the very same relief.  During a status conference on March 11, 2010, the Court denied defendant's motion to certify the reformation order as final pursuant to 28 U.S.C. § 1292(b) or Rule 54(b), explaining that the aggregate cap issue was central to plaintiff's remaining claims for breach of contract, statutory bad faith, and breach of the implied covenant of good faith and fair dealing.  *See* Docket No. 132.  To find that there is a final decision on a claim, the district court must find that that claim is "distinct and separable from the claims left unresolved."  *Old Republic Ins. Co. v. Durango Air Serv.*, 283 F.3d 1222, 1225 (10th Cir. 2002).  A claim is not distinct and separable if it "turn[s] on the same factual questions" or "legal issues" as other claims

left in the case, such that "a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Jordan*, 425 F.3d at 827.  In its earlier oral ruling, the Court found that the issues decided in the reformation order substantially overlapped with issues related to the remaining claims, some of which still remain in the case.  The parties present no compelling reason for the Court to reconsider its earlier findings and the Court will deny the motion as to the reformation order.  *See Mellott v. MSN Communications, Inc.*, No. 09-cv-02418-PAB-MJW, 2011 WL 2200823, at *1 (D. Colo. June 7, 2011) (courts assessing motions to reconsider generally "consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error").

As for the request to certify the substitution order, the Court finds that judicial economy will not be served by certifying this order as final and staying the case.  This case is set for a five-day trial to begin in less than one month.  The parties will be able to appeal a final judgment as to all the claims in this case, including those claims dismissed by the substitution order, within the space of three months at most.  In the history of this six-year-old case, this delay is insubstantial.

Due to the congestion of the trial dockets in this District, civil cases have a high likelihood of being preempted by criminal cases.  This is not true for the current trial setting in this case, which further argues against the parties' motion.  The parties' protestation that they will suffer prejudice and undue hardship without a stay because the trial will be "plagued by uncertainty" is unconvincing.  *See* Docket No. 250 at 7.  Given that this is a diversity case, there will always be the possibility of new rulings from the Colorado state courts, even if the Tenth Circuit reviews the issues identified by the

parties. Thus, uncertainty will remain regardless. The parameters of the claims to be tried in the upcoming trial have been obvious since the Court issued the substitution order in March 2011. Given the "strong federal policy against piecemeal review" and the fact that an appeal of all of the issues raised by the Court's treatment of this case on remand will be available to the parties in short order, the Court finds that the equities do not weigh in favor of certifying the substitution order as final. *See* Charles A. Wright, et al., Federal Practice & Procedure § 2659 (2011); *Stockman's Water*, 425 F.3d at 1265. Accordingly, it is

**ORDERED** that the Joint Motion to Certify Orders as Final Pursuant to Federal Rule of Civil Procedure 54(b) and to Stay Proceedings [Docket No. 250] is **DENIED**.

DATED August 2, 2011.

BY THE COURT:

s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge